1  David J. McGlothlin, Esq. (SBN 026059)
   david@kazlg.com
2  **KAZEROUNI LAW GROUP**
   301 E. Bethany Home Road, Suite C-195
3  Phoenix, AZ 85012
   Telephone: (800) 400-6808
4  Facsimile: (800) 520-5523

5  Ryan L. McBride, Esq. (SBN 032001)
   ryan@kazlg.com
6  **KAZEROUNI LAW GROUP**
   2221 Camino Del Rio S, Suite 101
7  San Diego, CA 92108
   Telephone: (800) 400-6808
8  Facsimile: (800) 520-5523

9

10 Attorneys for Plaintiff
   Abran Saldate
11

12                **UNITED STATES DISTRICT COURT**
13                   **DISTRICT OF ARIZONA**

14 | Abran Saldate,                          | Case No:

15           Plaintiff,                      **Complaint For Violations Of**
16                                           **The Electronic Funds Transfer Act**
17     vs.

18
19 Apple, Inc., Green Dot Corporation
   d/b/a Green Dot Bank and United
20 Services Automobile Association       **Demand For Jury Trial**
   d/b/a USAA Federal Savings Bank,
21
22           Defendant.
23

24

25

26

27

28

**INTRODUCTION**

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique characteristics of such systems, Congress passed the Electronic Funds Transfer Act ("EFTA") to provide a basic framework, establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer systems, most particularly, to provide consumers with individual rights.

2. ABRAN SALDATE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of APPLE, INC. ("Defendant Apple"), GREEN DOT CORPORATION d/b/a GREEN DOT BANK ("Defendant Green Dot Corporation") and Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION d/b/a  USAA FEDERAL SAVINGS BANK ("Defendant USAA") (together referred to as "Defendants") with regard to attempts by Defendants, to unlawfully and abusively failing to refund transfers from Plaintiff's bank account, and this conduct caused Plaintiff damages.

3. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 et. seq.

5. This action arises out of Defendants' violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA").

6. Because all Defendants conducts business within the State of Arizona, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Phoenix, State of Arizona, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conduct business within this judicial district.

## PARTIES

8. Plaintiff is a natural person who resides in the County of Maricopa, State of Arizona.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Apple, Inc, the designated conduit for Defendant Green Dot Corporation in this matter, is a company located in Cupertino and conducting business in the State of Arizona. When utilizing Apple Pay, consumers enter into a contract with Apple, Inc, and Green Dot Corporation. Apple, Inc is the platform consumers use, but Green Dot Corporation is the actual holder of the money as a FDIC bank.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Green Dot Corporation, the payment platform utilized by Defendant Apple, Inc, is a company headquartered in Austin, Texas, and conducting business in the State of Arizona.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant United Services Automobile Association d/b/a USAA Federal Savings Bank, a financial services company providing insurance and banking products, is a company headquartered in San Antonio, Texas, and conducting business in the State of Arizona.

12. Defendants are considered a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j) and used throughout EFTA and Defendant Green Dot Corporation and Defendant USAA are a "financial institution" as defined by 15 U.S.C. § 1693a(9).

13. The term "electronic fund transfer" which means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or

magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, and transfers initiated by telephone. *See* 15 U.S.C. § 1692a(7).

### FACTUAL ALLEGATIONS

14. On or about November 14, 2023, Plaintiff made a rent payment in the amount of $3,200 through Apple Pay to his landlord.

15. On the same day, Plaintiff's landlord informed Plaintiff that Plaintiff's landlord did not have Apple Pay. Thus, Plaintiff canceled the Apple payment immediately.

16. On or about November 16, 2024, Plaintiff called his bank, Defendant USAA seeking a status of the refund. The representative informed Plaintiff that the refund would take approximately 3-5 days.

17. On or about November 20, 2024, Plaintiff called Defendant Apple, Inc due to still not receiving a refund of the $3,200. A representative from Defendant Apple, Inc advised Plaintiff that it may take 7-10 days for a refund to be completed. The representative on the phone gave Plaintiff a transaction ID of 463318480992901R696.

18. After waiting the full period of ten days, Plaintiff called Defendant USAA to inquire about the refund. Plaintiff was then informed by Defendant USAA that it had no indication of a refund from Defendant Apple Inc. ever being initiated by Defendant USAA. Plaintiff then opened up a dispute with Defendant USAA and was advised it could take up to 90 days to complete investigation.

19. Defendant USAA issued a provisional credit of the $3,200 after approximately 14 days from the first phone call. This provisional credit occurred more than ten (10) business days in violation of 15 U.S. Code § 1693f(c).

20. After a few days, Plaintiff followed up with Defendant Apple, who advised Plaintiff it would contact him within 48 hours. Defendant Apple gave Plaintiff a case number of 144369585.

21. Approximately three days after the exchange, Plaintiff once again called defendant Apple, as Apple had not contacted him. Defendant Apple, once again, told Plaintiff it would call him within the next 48 hours. After an additional 48 hours with no call, Plaintiff called Defendant Apple again. For the third time, Defendant Apple stated it would call Plaintiff within 48 hours.

22. After no contact from Defendant Apple, Plaintiff called Defendant Apple and was informed that after reviewing Plaintiff's case it had determined that Defendant Apple had issued the refund and completed their obligations. Defendant Apple would not confirm what account it sent the money to, nor any documentation regarding this refund to Plaintiff.

23. During this back and forth with Defendant Apple, Plaintiff also contacted his bank, Defendant USAA, who continued to ask for more information from Defendant Apple regarding the refund status.

24. As of the date of this filing, Defendant USAA has still not issued a permanent resolution.

25. Plaintiff has suffered emotionally, mentally and physically due to this distressing time at the hands of Defendants. Plaintiff has lost sleep, lost hours of his time to phone calls and lost financial stability.

26. Plaintiff's checking account constitutes an "account."
as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

27. By not refunding any of the funds, Defendant Apple and Defendant Green Dot Corporation deprived and/or prevented access to Plaintiff's funds to pay bills and for personal purposes.

28. Through this conduct, Defendants violated 15 U.S.C. § 1693f(a)(3) by not completing its investigation and providing results within 10 business of first receiving notice of the error.

29. Defendant Green Dot Corporation and Defendant USAA violated 12 CFR § 205.11(c)(2) by not completing its investigation within 45 calendar days.

30. By not refunding the money at issue, Defendants violated 15 U.S.C. § 1693f(b) by failing to correct the error.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### 15 U.S.C. §§ 1693, ET SEQ.
### AGAINST ALL DEFENDANTS

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of EFTA including failing to timely provisionally credit Plaintiff's account, failing to complete a proper timey investigation, and failure to return Plaintiff's money with interest.

33. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3), and treble damages pursuant to 15 U.S.C. § 1693f(e).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against Defendants for:

- An award of actual damages pursuant to 15 U.S.C. § 163m(a)(1);

- An award of interest related to the money withheld from Plaintiff

- An award of statutory damages of no less than $100 nor greater than $1000 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

- An injunction preliminarily and permanently enjoining Defendants from engaging in the unlawful practices stated herein and improving its electronic transfer procedures;

- For reasonable attorney's fees and costs of suit pursuant to the EFTA;

- General damages according to proof;

- Special damages according to proof;

- Costs of suit incurred herein;

- Any and all other relief that this court deems just and proper.

### TRIAL BY JURY

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: October 16, 2024

/s/Ryan L. McBride
Ryan L. McBride
Attorney for Plaintiff